# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION at COVINGTON

**CIVIL ACTION NO. 2:10-CV-084-WOB**

**ANTOINE JACKSON**                                                   **PLAINTIFF**

**VS.**               **MEMORANDUM OPINION AND ORDER**

**GRANT COUNTY DETENTION CENTER**
    **and BRIAN POWERS**                                        **DEFENDANTS**

\*\*    \*\*    \*\*    \*\*    \*\*

Antoine Jackson, an individual who was previously incarcerated in the Grant County Detention Center ("GCDC"), in Williamstown, Kentucky, has submitted a *pro se* civil rights Complaint, pursuant to 42 U.S.C. § 1983, regarding an incident occurring at the GCDC. Although he originally sent the Complaint and a Motion to proceed *in forma pauperis* to the Clerk of the United States District Court for the Western District of Kentucky, that case, W.D.Ky. No. 3:10-CV-00237, has now been transferred to this Court for proper venue, and the Motion to proceed *in forma pauperis* has been granted by this Court.

The Complaint [Record No. 1] is now before the Court for initial screening.[1] 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss this cause of action.

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**ALLEGATIONS AND CLAIMS**

The Plaintiff alleges that on March 9, 2010, at approximately 7:00 a.m., while he was lying on his bed on his stomach, a Detention Center deputy named Brian Powers entered his cell. Standing over the Plaintiff, Powers purportedly tugged at his own pants zipper and said that Jackson should be glad that his zipper was up. He then walked off.

Plaintiff states that he sought a grievance form from a Ms. Zarodacy, who told him that she would tell a Lt. Webster. The Lieutenant came to Plaintiff's cell, and when he heard about the incident, he responded that he would tell a Captain East. Captain East then came to the cell and listened to the Plaintiff describe what happened. The Plaintiff states that Captain East had filed a grievance about it by 10:15 a.m.

However, an attachment to Jackson's Complaint is an Inmate Grievance Form, which is signed by the Plaintiff on the same March 9, 2010 date. In it, Jackson first describes the incident and in the portion of the form for "Action Requested," he has written, "It's [sic] was degrading and not professional, and I wanted to know why." On the lower half of the form, under the heading, "Informal Resolution Stage," Lt. Webster has responded on the same day, "Sir, an investigation of the alleged misconduct will be started."[2]

Naming Deputy Powers and the Grant County Detention Center as Co-Defendants, Plaintiff Jackson came to this Court four weeks later. He states that he is suing for damages and for "Deputy

---

[2] At the bottom of the administrative form used at the GCDC, the prisoner is given an opportunity to indicate whether he was satisfied with the response at the Informal Resolution Stage and is instructed that, if not satisfied, he had 48 hours in which to appeal. In this section, Jackson has indicated that he was not satisfied with Webster's response. However, he has not supplied any documents from any further administrative steps, despite having had a month between that date and the filing of the instant lawsuit in the United States District Court for the Western District of Kentucky. Therefore, he has neither alleged nor shown exhaustion of the administrative remedy process, which is a precondition to prisoners' lawsuits. *See* 42 U.S.C. § 1997e(a). The Court does not reach the exhaustion issue here, however, because the Court has found that Plaintiff has failed to state a compensable claim.

Brian Powers to go to sexual harassment classes."[3]

## DISCUSSION

To establish a right to relief under 42 U.S. C. § 1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff has alleged that an employee of the county, a subdivision of the State, had authority over him, exercised that authority to demean him, and sexually harassed him. It is true that the "unnecessary and wanton infliction of pain" on a prisoner constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir.1997).

"To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Id.* at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

As to the objective component, severe or repetitive sexual abuse of an inmate by a prison officer can be "objectively, sufficiently serious" enough to constitute an Eighth Amendment violation. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (noting that the list of conditions held

---

[3] In a recent pleading, the Plaintiff states that the incident "was caught on camera" and that Powers admitted his actions to Lieutenant Webster and Captain East. D.E. 10. This Court does not reach any evidentiary issue, however, because this matter will be dismissed for Plaintiff's failure to state a claim upon which the Court may grant relief.

3

cruel and unusual by the Supreme Court is not exclusive). Moreover, sexual abuse of a prisoner by a corrections officer, like the rape of an inmate by another inmate, has no legitimate penological purpose, and is "simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

As to the subjective component of an Eighth Amendment test, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Even without considering exactly what *mens rea* is necessary to show a "wanton" state of mind for a claim of sexual abuse, a court may find a prison official who sexually abuses a prisoner to have a sufficiently culpable state of mind to violate the prisoner's constitutional rights. *Id*.

However, the circuit courts have consistently held that sexual harassment, absent contact or touching, does not satisfy the objective requirement because such conduct does not constitute the unnecessary and wanton infliction of pain. *See e.g., Howard v. Everett*, No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. March 10, 2000) (sexual comments and gestures by prison guards did not constitute unnecessary and wanton infliction of pain); *Zander v. McGinnis*, No. 97-1484, 1998 WL 384625, at *2 (6th Cir. June 19, 1998) (verbal abuse of mouthing "pet names" at prisoner for ten months failed to state an Eighth Amendment claim); *Murray v. United States Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan.28, 1997) (magistrate judge correctly held that verbal abuse in the form of offensive remarks regarding a transsexual prisoner's bodily appearance, transsexualism, and presumed sexual preference cannot state an Eighth Amendment claim).

In this circuit, the courts have held that offensive remarks, even when coupled with isolated incidents of sexual touching, do not rise to the level of an Eighth Amendment violation. *See, e.g.,*

*Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir.2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Brockman v. Beseau*, No. 08-CV-263, 2010 WL 584031, 4 (W.D. Mich. February 16, 2010) (a single unwanted touching does not reach to the level of an Eighth Amendment claim).

In the instant case, the Court finds that the Plaintiff has failed to state an Eighth Amendment claim under these standards. Jackson complains of a single spoken sentence and gesture with sexual implications. However, that incident, even if true, cannot be said to be "objectively, sufficiently serious" to satisfy the objective component of an Eighth Amendment claim. Therefore, the Plaintiff has failed to state even the first component of a claim upon which the Court may grant relief, and his Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Further, Plaintiff Jackson's claim is for emotional injuries, and recovery for emotional injuries has been barred by Congress. A federal statute, 42 U.S.C. § 1997e(e), precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* *See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir.2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir.2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir.2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001). As the Plaintiff alleges no physical injury in this case, his claim for emotional damages is barred.

The conclusion that dismissal of this case is warranted also means that the Plaintiff's Motion

5

for appointment of counsel will be denied. He is advised that the appointment of counsel in a civil case is not a constitutional right, but a privilege justified only by exceptional circumstances. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996); *see also Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There are no exceptional circumstances here. Also, it would be inconsistent to appoint counsel in a case which the Court has screened and found no federal claim stated. Even with the appointment of the very best counsel, he or she could not manufacture facts or cite contrary legal citations to salvage his claim of sexual harassment amounting to the level of cruel and unusual punishment.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. Plaintiff's Motion for Appointment of Counsel [Record No. 12] is **DENIED**.

2. This action will be **DISMISSED,** *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This 26th day of May, 2010.



Signed By:
William O. Bertelsman  WOB
United States District Judge